```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
WARREN TAYLOR,

                Plaintiff,

        - against -

THE CITY OF NEW YORK; DEPARTMENT OF
CORRECTION COMMISSIONER JOSEPH PONTE;
BUREAU CHIEF OF SECURITY BRIAN
SUPRENANT; CAPTAIN HARPER; DEPUTY            MEMORANDUM AND ORDER
WARDEN CORT; CORRECTION OFFICER
ANDERSON #3597; CORRECTION OFFICER              16 Civ. 7857 (NRB)
STEVENSON; GRVC WARDEN YOLANDA CANTY;
ASSISTANT DEPUTY WARDEN SARDIA LEWIS
#97; CORRECTION OFFICER JOHN DOE
SUPERVISING AND POLICY MAKING
OFFICIALS, ##1-8; JOHN DOE CORRECTION
OFFICIAL RESPONSIBLE FOR DETAINEE
PLACEMENT IN HOUSING AREAS ##1-4;
JOHN DOE CORRECTION OFFICERS ##1-8,

                Defendants.
-------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Warren Taylor brings this action against the City of New York, several supervisory defendants from the New York City Department of Correction ("DOC"), and several DOC correction officers for alleged violations of 42 U.S.C. § 1983 arising from an attack plaintiff suffered while incarcerated at the George R. Vierno Center ("GRVC") on Rikers Island. Plaintiff now moves for an order extending his time to serve defendant Correction Officer Shawana Stevenson. For the reasons that follow, plaintiff's motion is denied.

1

## I. BACKGROUND

The Court assumes familiarity with the factual background of this case, as detailed in our March 27, 2018 Memorandum and Order (ECF No. 51), and will discuss only those facts relevant to the disposition of the pending motion. Plaintiff is a former inmate of the GRVC. Compl. ¶ 7, Oct. 12, 2016, ECF No. 19. While incarcerated therein, Officer Stevenson (whose first name was unknown to plaintiff at the time of his incarceration) allegedly disclosed the nature of plaintiff's alleged crimes to other detainees.[1] Id. ¶ 37. On January 10, 2015, plaintiff was stabbed in the eye by another inmate who explicitly "cited" the nature of plaintiff's criminal charges as the reason for the attack. Id. ¶ 40. Officer Stevenson is not alleged to have been present for the attack.

Plaintiff filed the complaint in this action on October 12, 2016. On December 7, 2016, thirty-four days prior to the expiration of the service period, see Fed. R. Civ. P. 4(m), the Court sent a letter to plaintiff's counsel stating that a review of the docket indicated that the complaint had yet to be served on defendants, and that unless plaintiff "achieve[s] service or can show good cause why [his] time to serve should be extended, this

---

[1] Plaintiff was charged with committing a criminal sexual act in the first degree, a class B felony (N.Y.P.L. § 310.50), and criminal impersonation in the first degree, a class E felony (N.Y.P.L § 190.26). See Mem. and Order at 2 n.1, ECF No. 51.

2

matter will be dismissed without prejudice on January 11, 2017." Plaintiff allowed the time for service to conclude on January 10, 2017 without filing proof that he had effected service upon Officer Stevenson or requesting an extension of time in which to do so.

Following the conclusion of the service period, the Corporation Counsel for the City of New York twice pointed out plaintiff's apparent failure to serve: first in a January 12, 2017 letter requesting an enlargement of time to respond to the complaint, see Ltr. at 2 n.1, ECF No. 34, and again on March 20, 2017 in a pre-motion letter warning plaintiff that the City intended to seek dismissal of all claims against unserved defendants as part of an anticipated motion to dismiss, see Ltr. at 2, ECF No. 36. In plaintiff's March 27 response to defendant's pre-motion letter, he explained for the first time that all defendants other than Officer Stevenson had, in fact, been properly served within the prescribed period, and that a process server had attempted to serve Officer Stevenson on January 5, 2017 "but [was] informed that he no longer worked for DOCS." See Ltr. at 2, ECF No. 37; see also Aff. of Attempted Service, filed Mar. 27, 2017, ECF No. 38 ("5th day of January 2017 went to [GRVC] to serve [Officer Stevenson] and spoke with Officer Richards who stated the recipient has not been employed there since 2015.").[2] Plaintiff

---

[2] Plaintiff is "not alleging bad faith on the part of Officer Richardson." Pl.'s Mem. of Law in Supp. ("Pl.'s Br.") at 12 n.3, Oct. 30, 2018, ECF No. 67.

3

further requested "additional time to serve [Officer Stevenson]." Ltr. at 2, ECF No. 37.

On April 25, 2017, the Court granted defendants leave to file their anticipated motion to dismiss. In the briefing that followed, neither party addressed the issue of whether there was good cause for plaintiff's failure to serve Officer Stevenson. Nevertheless, in our March 27, 2018 Memorandum and Order resolving defendants' motion, we cautioned plaintiff once again that the claims asserted against Officer Stevenson would be dismissed "unless plaintiff could show that he already served [Stevenson] within that 90-day window or had good cause for his failure to do so." Mem. and Order at 35, ECF No. 51.

Following the Court's decision, plaintiff served defendants' counsel with an interrogatory seeking the identification of any correction officer with the last name of "Stevenson" who was assigned to the relevant GRVC unit at the relevant time. Decl. of Leo Glickman ("Glickman Decl.") ¶ 2, Oct. 30, 2018, ECF No. 66. As there was more than one correction officer who matched this description, the parties engaged in a series of good-faith discussions in an attempt to identify the correct Officer Stevenson. See id. ¶¶ 2-13; Ltr. at 2, Sept. 24, 2018, ECF No. 61. It was not until September 18, 2018, that the City was able to confirm that the "Officer Stevenson" named in plaintiff's complaint was Correction Officer Shawana Stevenson. Glickman

4

Decl. ¶ 13. Shortly thereafter, plaintiff filed the pending motion in which he seeks to show good cause for his failure to serve, or, in the alternative, to persuade the Court that a discretionary extension of time is warranted.

## II. DISCUSSION

### A. Legal Standard

The Federal Rules of Civil Procedure require a plaintiff to serve a summons and complaint on a defendant within 90 days of filing the complaint. See Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for [failing to serve a defendant within the prescribed time], the court must extend the time for service for an appropriate period." Id.

Good cause is "generally limited to exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." Barbosa v. City of New York, No. 16 Civ. 7340 (LTS), 2018 WL 4625620, at *2 (S.D.N.Y. Sept. 26, 2018) (internal quotation marks omitted). "In considering whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay." Songhorian v. Lee, No. 11 Civ. 36 (CM), 2012 WL 6043283, at *4 (S.D.N.Y. Dec. 3, 2012) (internal quotation marks omitted). Factors probative of a plaintiff's diligence include whether plaintiff was on notice of his need to properly serve a defendant, see Cassano v. Altshuler,

5

186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016), whether plaintiff made reasonable efforts to effect service by various methods, see In re Teligent Servs., Inc., 324 B.R. 467, 472 (Bankr. S.D.N.Y. 2005), aff'd, 372 B.R. 594 (S.D.N.Y. 2007); Goldstein v. Laurent, No. 09 Civ. 2437 (PKC), 2010 WL 4237582, at *4 (S.D.N.Y. Oct. 15, 2010), and whether plaintiff moved for an extension of time in which to serve the defendant, see Gordon v. Hunt, 835 F.2d 452, 453 (2d Cir. 1987); Allianz Ins. Co. v. Otero, 01 Civ. 2598 (LMM)(HBP), 2003 WL 262335, at *4 (S.D.N.Y. Jan. 30, 2003).

Even in the absence of good cause, Rule 4(m) allows the Court to exercise its discretion and extend the time allotted for service. See Zapata v. City of N.Y., 502 F.3d 192, 193 (2d Cir. 2007). "Factors relevant to the exercise of this discretion include, inter alia, the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a justifiable excuse for the failure to serve." Mares v. United States, 627 F. App'x 21, 23 (2d Cir. 2015) (internal quotation marks omitted).

**B. Good Cause**

Plaintiff has failed to establish good cause. While we accept that plaintiff's single attempt at service was unsuccessful for reasons outside of his control, it is clear from the record that he made no other effort to serve, locate, or even identify

6

Officer Stevenson prior to the conclusion of the 90-day service period.[3] Plaintiff unconvincingly ascribes his inactivity to the strictures of Rule 26(d)(1), which bar a party from "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). But nothing in the Federal Rules precluded plaintiff from informally conferring with the City, moving the Court to either authorize pre-conference discovery or order the City to identify Stevenson pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), or simply "request[ing], as appropriate, an extension of time to complete service." George v. Prof'l Disposables Int'l, Inc., 221 F. Supp. 3d 428, 434 (S.D.N.Y. 2016). See also Fed. R. Civ. P. 26(d)(1) (barring pre-conference discovery "except . . . when authorized by these rules, by stipulation, or by court order"). That plaintiff failed to take any action until nearly three months after the expiration of the service period (and even then only in the form of a perfunctory, two-sentence request for additional time to serve) is particularly inexcusable here given that the Court was careful to notify plaintiff of his service obligations (and the consequences of failing to satisfy them) well in advance

---

[3] Plaintiff's counsel declares that he performed internet research in an attempt to identify the correct Officer Stevenson, see Glickman Decl. ¶¶ 15–16, but conspicuously fails to aver that the research was conducted within the 90-day service period, see id. ¶ 15 (stating merely that the research was performed "[p]rior to the Motion to Dismiss being filed and discovery").

7

of the deadline. For these reasons, the Court finds that plaintiff has not made the requisite showing of good cause for his failure to properly serve Officer Stevenson within the prescribed period.[4]

**C. Discretionary Extension**

The Court further concludes that a discretionary extension of time to serve Officer Stevenson is unwarranted. In weighing the relative prejudice to the parties, we recognize that the statute of limitations has run on plaintiff's claims[5] and that if this motion is denied all claims asserted against Officer Stevenson will be time-barred.[6] However, such prejudice must be weighed against the corresponding prejudice to Officer Stevenson "that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." Zapata, 502 F.3d at 198. Indeed, as plaintiff acknowledges, "it is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations

---

[4] Because we find that plaintiff has failed to demonstrate that he undertook reasonable efforts to serve Officer Stevenson, we need not consider defendant's prejudice in making our good cause determination. See Delicata v. Bowen, 116 F.R.D. 564, 566 (S.D.N.Y. 1987) (holding prejudice to the defendant is relevant only where plaintiff has been diligent in attempting to make service). We nevertheless observe that, for the reasons described infra, it is clear that Officer Stevenson has been prejudiced by plaintiff's neglect.

[5] Plaintiff does not dispute that the statute of limitations has run on his claims against Officer Stevenson. See, e.g., Pl.'s Br. at 9; see also Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009) (three-year statute of limitations for § 1983 claims).

[6] Plaintiff's claims against defendants the City of New York, Commissioner Ponte, Bureau Chief of Security Suprenant, Chief Canty, Deputy Warden Cort, Captain Harper, and Correction Officer Anderson will proceed regardless of the disposition of this motion.

8

period for the action, especially if the defendant had no actual notice of the existence of the complaint until the service period had expired." Id. Such is the case here. Nothing in the record suggests that Stevenson has had notice that the instant action "was forthcoming (much less already pending)." Id. at 198–99. And the fact that the City was working in good faith to identify Officer Stevenson through September of 2018 puts the lie to plaintiff's speculation that the City's investigation into the matter timely notified Officer Stevenson of the pendency of the lawsuit.[7]

Moreover, "to obtain a discretionary extension, 'the plaintiff must ordinarily advance some colorable excuse for neglect.'" Jones v. Westchester Cty., No. 14 Civ. 9803 (KMK), 2018 WL 6726554, at *7 (S.D.N.Y. Dec. 21, 2018) (quoting Zapata, 502

---

[7] Plaintiff cites readily distinguishable caselaw in support of his argument that the Court should impute knowledge of the lawsuit to Officer Stevenson even in the absence of evidence of actual notice. For example, in Vantone Grp. Ltd. Liab. Co. v. Yangpu Ngt Indus. Co., 2016 WL 3926449, at 4 (S.D.N.Y., July 15, 2016), the court found that a foreign corporation had notice of a lawsuit where the corporation was "clearly aware of the litigation" following multiple attempts at service and the corporation's affiliates had been actively defending the case for several years. See Vantone Grp. Ltd. Liab. Co. v. Yangpu Ngt Indus. Co., 2016 WL 3926449, at 4 (S.D.N.Y., July 15, 2016). Officer Stevenson, however, is not "clearly aware of the litigation," was the subject of a single unsuccessful attempt at service, and is not alleged to have published information about plaintiff's criminal history with any "affiliates" that are actively defending themselves against similar allegations. Indeed, the factual predicate for plaintiff's claim against Officer Stevenson is entirely distinct from that of the only other named correction officer (Anderson), who has been actively defending himself against allegations that he failed to intervene in the attack itself. In Garcia v. City of New York, another case cited by plaintiff, the court imputed knowledge to an unserved defendant where defense counsel for the City of New York had stated that that they "anticipated representing" the unserved defendants. 2017 WL 1169640, at 6 (S.D.N.Y., 2017). Corporation Counsel for the City has made no such representations in this case.

F.3d at 198). Plaintiff here made a single unsuccessful effort to serve Officer Stevenson, failed to timely move for an extension, and delayed until well after the statute of limitations had run to request information from the City or attempt to make any showing of good cause. This all despite the fact that plaintiff was put on notice of his failure to serve on no fewer than three occasions prior to the expiration of the limitations period.

Because the balance of hardships favors defendants and the situation is the result of the plaintiff's own neglect, we decline to afford plaintiff an extension of time to serve in the absence of good cause.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion is denied in its entirety. Plaintiff's claims against Officer Stevenson are hereby dismissed under Fed. R. Civ. P. 4(m). The dismissal necessarily operates with prejudice because the statute of limitations has expired. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 65. The parties are directed to complete discovery consistent with the schedule endorsed by the Court on May 16, 2019.

Dated: New York, New York
June 3, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE